IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| MICHAEL LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1:18-01349 |
| | ) |
| WARDEN, FCI McDowell, | ) |
| | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's "Motion to Nunc Pro Tunc Judge's Order Initiating Civil Action After Construing Letter as Bivens Complaint" (Document No. 4), filed on November 13, 2018. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

On October 11, 2018, the Court filed what it construed as a letter-form Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) In his letter-form Complaint, Plaintiff appeared to complain that prison staff were subjecting him to unconstitutional conditions of confinement, deliberate indifference, and retaliation in violation of his constitutional rights. (Id.)

By Order entered on October 12, 2018, the undersigned directed Plaintiff to complete a

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

form Complaint naming individual defendants and stating specific facts as to how each defendant violated his constitutional rights if Plaintiff wished to proceed with his <u>Bivens</u> claim. (Document No. 3.) Additionally, the Court ordered Plaintiff to either pay the filing and administrative fee ($400) or submit an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees. (<u>Id.</u>)

On November 13, 2018, Plaintiff filed his above "Motion to Nunc Pro Tunc Judge's Order Initiating Civil Action After Construing Letter as Bivens Complaint." (Document No. 4.) In his Motion, Plaintiff requests that the Court dismiss the above action without prejudice. (<u>Id.</u>) In support, Plaintiff states as follows:

> On October 3, 2018, Lee wrote the Honorable Court a letter stamped filed . . . asking the Court "if it was possible to file a TRO and Preliminary Injunction without a filed suit while in their jurisdiction." The Honorable Court obviously saw how distressed Lee was and initiated a civil action. Lee does not wish to file any action at this time. He reserves that right later down the road if necessary. Lee has been transferred and is currently in transit to a new prison: Forest City, Ark. Also, Lee is without his legal property and does not have the case number or any information for this case. . . . Lee asks the Honorable Court also to NOT charge Lee any "strikes"[2] for filing a civil action as Lee never intended to file a civil action at this time, nor requested to file one at this time.

---

[2] The PLRA contains a provision known as the "Three Strikes Rule." *See* 28 U.S.C. § 1915(g). The Three Strikes Rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:
> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Three Strikes Rule should only be used to denying a prisoner's IFP status "when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Plaintiff is notified that a voluntary dismissal does not constitute a "strike" as such is not a dismissal of a civil action as frivolous, malicious, or for failure to state a claim.

(Id., p. 2.) As an Exhibit, Plaintiff attaches a "Proposed Order" directing that the case be dismissed. (Document No. 4-2.)

## ANALYSIS

Based upon a review of Plaintiff's "Motion to Nunc Pro Tunc Judge's Order Initiating Civil Action After Construing Letter as Bivens Complaint" (Document No. 4.), the undersigned finds that the Motion should be construed as a Motion for Voluntary Dismissal.[3] Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be

---

[3] In reviewing Plaintiff's Motion and Proposed Order (Document Nos. 4 and 4-2), the undersigned finds that Plaintiff misunderstands the meaning of *nunc pro tunc*. In his Motion and Proposed Order, Plaintiff appears to equate *nunc pro tunc* with nulling or voiding an action. Black's Law Dictionary, however, defines *nunc pro tunc* as follows:
> Now for then. A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done. *Nunc pro tunc* entry is an entry made now of something actually previously done to have effect of a former date; office being not to supply omitted action, but to supply omission in record of action really had but omitted through inadvertence or mistake. *Nunc pro tunc* merely describes inherent power of court to make its records speak the truth, i.e., to record that which is actually but is not recorded.

3

denied absent substantial prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. <u>See</u> <u>Vosburgh v. Indemnity Ins. Co. of North America</u>, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." <u>Id.</u>

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's "Motion to Nunc Pro Tunc Judge's Order Initiating Civil Action After Construing Letter as Bivens Complaint" (Document No. 4.) be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

### **<u>PROPOSAL AND RECOMMENDATION</u>**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **CONSTRUE** Plaintiff's "Motion to Nunc Pro Tunc Judge's Order Initiating Civil Action After Construing Letter as Bivens Complaint" (Document No. 4) as a Motion for Voluntary Dismissal and **GRANT** the Motion for Voluntary Dismissal, **DISMISS** Plaintiff's letter-form Complaint

(Document No. 1) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 16, 2018.

Omar J. Aboulhosn
United States Magistrate Judge